# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MILLYAMNERIS SANTOS RODRIGUEZ<br><br>*Plaintiff,*<br><br>vs.<br><br>STARTBRIGHT ACADEMY<br><br>*Defendant* | Civil No:<br><br>ACTION FOR:<br><br>**CIVIL RIGHTS ACT, TITLE VII PREGNANCY DISCRIMINATION ACT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**TO THIS HONORABLE COURT:**

COMES NOW the Plaintiff, MILLYAMNERIS SANTOS RODRIGUEZ, through the undersigned attorney, and respectfully STATES, PRAYS and ALLEGES as follows:

### INTRODUCTION

1. This is a civil action brought under Title VII of the Civil Rights Act and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e et. seq. and for violations of rights guaranteed by the P.R. Const., Art. II, §1 and §16; The Puerto Rico Employment Discrimination Statute, 29 P.R. Laws Ann. §§ 146; the Puerto Rico Law regarding Discrimination on the Basis of Sex, 29 P.R. Law Ann. §§ 1321; and the Puerto Rico Sexual Harassment Law, 29 P.R. Laws Ann. §§155.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1331 since this action arises under laws of the United States. Subject matter jurisdiction over claims asserted under the laws of Puerto Rico is based upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  The state claims are so related to the federal claims

1

in this action that they form part of the same case or controversy under Article III of the United States Constitution as provided under 28 U.S.C. § 1367(a).

3. Venue lies properly in this Court pursuant to 28 U.S.C.A. § 1391(a)(2) because the acts herein complained of occurred within the Commonwealth of Puerto Rico.

## PARTIES

4. Plaintiff is a natural person, citizen of the United States of America, and resident of the Commonwealth of Puerto Rico.

5. Upon information and belief, STARBRIGHT ACADEMY ("Starbright") is an entity organized under the laws of the Commonwealth of Puerto Rico with legal capacity to sue and be sued. Starbright owns and manages a special education academy in Ponce, Puerto Rico.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. In early September, 2017 Plaintiff had a job interview with Starbright Academy for a position as a special education teacher.

7. At the time Plaintiff was 6 months pregnant, however, her pregnancy was barely noticeable.

8. A week later Plaintiff was hired by Starbright as a special education teacher.

9. Plaintiff's first day of employment was September 13, 2017.

10. Together with Plaintiff, 2 other teachers (Madelyn and Gabriela) were also recruited by Starbright.

11. As a result of Plaintiff's working uniform which was adjusted to her body, her pregnancy was then noticeable on September 13, 2017 her first day of work.

2

12. As a result of Plaintiff's pregnancy, she began to suffer a pattern of pregnancy and gender discrimination and harassment at the hands of Starbright Administrator, Marangely Pons.

13. During the days Plaintiff worked for Starbright, Ms. Pons, never stopped asking Plaintiff questions regarding pregnancy and child bearing which at the beginning made her feel very uncomfortable and eventually were outright harassing.  These questions were all guided to find out if Plaintiff was either pregnant or had any intention of becoming pregnant.

14. Among the repeated questions that Ms. Pons asked Plaintiff were *"do you like children?"; "how many children do you have?"; "do you plan to have more children?"; how old are your girls?"; "can you have more children?", having children these days is very expensive, correct?".*

15. As a result of incoming hurricane María, Starbright employee, among them the Plaintiff, were told not to report to work on September 19, 2017.

16. Sometime during the end of September, 2017, the employees of Starbright were summoned to the academy on October 2, 2017 to discuss the return to classes and for the payment of salary that was pending.  By this time pregnancy was very noticeable.

17. At that meeting the employees were told that there was no energy in the Starbright facilities and that only teachers that had not been recently hired were going to begin working half a day.

18. At that meeting, the new teachers were sent home until further notice.

19. About a week later both new teachers Madelyn and Gabriela were called by Starbright to begin working.

20. Plaintiff was never called back to work at Starbright.

21. Plaintiff sent various messages to Starbright Administrator, Ms. Pons, requesting when Plaintiff could begin working. These messages, however, were not answered by Ms. Pons.

22. In January, 2018 Starbright published vacancy for various positions among them for a position as a special education teacher as was the Plaintiff.

23. Plaintiff visited Starbright thereafter with the purpose of finally being able to begin working. Plaintiff's efforts were to no avail.

24. On January 22, 2018, Plaintiff sent a message to Starbright which read in part: *"I write this message to find out what happened with my status within Starbright. I have sent various messages and I have not received any response. Thanks."*

25. Some 9 minutes after Plaintiff sent this message, Ms. Pons responded to Plaintiff: *"Greetings, at the time when the administration understands that it can consider your entrance to the academy for some student, I will let you know. At the time being I don't have [the student]. Thanks."*

26. On February 7, 2018, Plaintiff filed a charge of discrimination with the Antidiscrimination Unit of the Labor Department and Human Resources of the Commonwealth of Puerto Rico. At the time Starbright had not even payed the Plaintiff her salary for the days worked.

27. After exhausting administrative remedies, Plaintiff received her right to sue letter from the EEOC on October 18, 2018.

4

28. Starbright is an employer pursuant to Title VII of the Civil Rights Act of 1964.

29. As a result of Starbright's aforementioned discriminatory conduct, Plaintiff has suffered and continues to suffer great emotional and financial damages. Since her termination, Plaintiff has been depressed, anguished and has suffered despaired, sadness and hopelessness.

## FIRST CAUSE OF ACTION
### Title VII of the Civil Rights Act and the Pregnancy Discrimination Act (Termination)

30. The allegations contained in paragraphs 1 through 29 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

31. Title VII of the Civil Rights Act and the Pregnancy Discrimination Act prohibits the refusal to hire, or the discharge, of any individual, or to otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy or national origin.

32. Defendant's aforementioned conduct to terminate the Plaintiff was based on Plaintiff's gender, that is, her pregnancy.  Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally protected rights.

33. Defendant's aforementioned conducts constitute an unlawful employment conduct pursuant to Title VII of the Civil Rights Act and the Pregnancy Discrimination Act.

34. As a result of Defendant's decision, the Plaintiff has suffered and continues to suffer great emotional and financial damages.  Since her termination as a result of her pregnancy and the hostile work environment she experienced while working for the

5

Defendant, Plaintiff, has been depressed, anguished, and has suffered despair, sadness and hopelessness.

35. As a direct and proximate cause of Defendant's aforementioned conduct, Plaintiff has suffered and will continue to suffer emotional and financial damages estimated at $1,000,000.00.

## SECOND CAUSE OF ACTION
### Title VII of the Civil Rights Act and the Pregnancy Discrimination Act
### (Harassment / Hostile Work Environment)

36. The allegations contained in paragraphs 1 through 35 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

37. Defendant's aforementioned conduct constitutes harassment and a hostile work environment against the Plaintiff because of her pregnancy.

38. Defendant's decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the Title VII and the Pregnancy Discrimination Act.

39. As a result of Defendant's decision, the Plaintiff has suffered and continues to suffer great emotional and financial damages.  Since her termination as a result of her pregnancy and the hostile work environment she experienced while working for the Defendant, Plaintiff, has been depressed, anguished, and has suffered despair, sadness and hopelessness.

40. As a direct and proximate cause of Defendant's aforementioned pregnancy hostile work environment conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

## THIRD CAUSE OF ACTION
### Puerto Rico Law 100, 69, 17
### (Termination)

41. The allegations contained in paragraphs 1 through 40 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

42. Puerto Rico Law 100 of June 30, 1959 ("Law 100") prohibits the discharge, suspension, or discrimination of any employee on account of age, race, color, sex, or social or national origin.

43. Puerto Rico Law 69 of July 6, 1985 ("Law 69") establishes as unfair labor practice the suspension, refusal to employ or dismissal of any person, or in any other way to discriminate against a person with respect to his or her wages, terms or working conditions, on account of his or her sex.

44. Defendants' aforementioned conducts constitute an unlawful employment conduct pursuant to the Puerto Rico Law 100, and 69.

45. As a result of Defendant's decision to terminate the Plaintiff on account of her pregnancy, the Plaintiff has suffered and continues to suffer great emotional and financial damages. Since her termination as a result of her pregnancy Plaintiff has been depressed, anguished, and has suffered despair, sadness and hopelessness.

46. As a direct and proximate cause of Defendant's aforementioned conduct, Plaintiff has suffered and will continue to suffer emotional and financial damages estimated at $1,000,000.00.

### FOURTH CAUSE OF ACTION
### Puerto Rico Law 100, 69, 17
### (Harassment / Hostile Work Environment)

47. The allegations contained in paragraphs 1 through 46 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

48. Puerto Rico Law 17 of April 22, 1988 ("Law 17") prohibits sexual harassment and hostile work environment on account of sex in the workplace.

49. Defendant's aforementioned conduct constitutes harassment and a hostile work environment against the Plaintiff because of her pregnancy.

50. Defendant's decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to Puerto Rico Law 100, 69 and 17.

51. As a direct and proximate cause of Defendant's aforementioned pregnancy hostile work environment conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

### JURY TRIAL

52. Plaintiff hereby invokes their Seventh Amendment Right to a jury trial for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment imposing on Defendant the payment of a) compensation of **FOUR MILLION DOLLARS**

8

**($4,000,000.00)** for the **4** causes of action; b) liquidated damages; d) double compensatory damages pursuant to Law 100, 69 and 17; e) all loss wages, including front and back pay; f) reinstatement; g) all with interest, attorney fees and the cost of litigation, as well as any other remedy this Honorable Court deems just and proper.

In Juana Díaz, Puerto Rico on the 27TH day of December, 2019.

*S|ALFREDO ACEVEDO CRUZ*
**ALFREDO ACEVEDO CRUZ, ESQ.**
**USDC-PR NUMBER 220705**

**LAW OFFICE OF ALFREDO ACEVEDO CRUZ**
**P.O. BOX  93**
**JUANA DIAZ, PR  00795**
**Tel.: (787) 837-0031**
**Fax: (787) 837-0032**
**e-mail: lcdoacevedo@yahoo.com**